UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARTHUR HAIRSTON,               ) | |
|                                                 ) | |
|         Plaintiff,                        ) | |
|                                                 ) | |
| v.                                          ) | Civil Action No.   23-03181 (UNA) |
|                                                 ) | |
|                                                 ) | |
| COURTNEY L. SMITH *et al.*, ) | |
|                                                 ) | |
|         Defendants.                   ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for want of jurisdiction.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. The party's failure to plead facts that bring the suit within the court's jurisdiction warrants dismissal of the case. Fed. R. Civ. P. 8(a), 12(h)(3).

Federal district courts, such as this, have jurisdiction to hear a case when a "federal question" is presented, 28 U.S.C. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). Parties are of diverse citizenship where "plaintiff [is not] a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an

action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed," *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991), but an "allegation of residence alone is insufficient to establish the citizenship" requirement, *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (internal quotations and citation omitted).

Plaintiff is a resident of Martinsburg, West Virginia, who has sued two attorneys for legal malpractice and three judges of the U.S. Court of Appeals for Veterans Claims. *See* Compl. Caption and Ex. 10, ECF No. 1-1 at 21 (Order submitting case "to the panel of Judges Pietsch, Meredith, and Toth for decision."). The legal malpractice claim, to the extent intelligible, arises from the attorneys' representation of Plaintiff in the foregoing court. This Court lacks jurisdiction over the malpractice claim first because it does not present a federal question and, second, because Plaintiff has not pleaded "the domicile and citizenship" of each party and demanded the threshold amount in controversy to "meet the standards of diversity." *Bigelow v. Knight*, 737 F. Supp. 669, 670 (D.D.C. 1990). Thus, the Court will dismiss the legal malpractice claim without prejudice.

Federal courts also "are without power to entertain claims . . . if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted); *see Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Such is the case against the judicial defendants.

Plaintiff asserts that the judicial defendants "acted in the complete absence of all jurisdiction [w]hen they removed [his] proper jurisdictional brief and allowed [his attorneys'] malpractice motion for new briefing." Compl., ECF No. 1 at 7. Judges have absolute immunity

from lawsuits based, as here, on their decisions rendered during proceedings within their jurisdiction. *Mirales v. Waco*, 502 U.S. 9, 11-13 (1991); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam); *cf. Caldwell v. Kagan*, 777 F. Supp. 2d 177, 180 (D.D.C.), *aff'd*, 455 F. App'x 1 (D.C. Cir. 2011) (Although "Plaintiff asserts that he is challenging each defendant's 'non-judicial acts,' it is clear from the allegations in the complaint that the only actions he is complaining about are judicial decisions and the judicial decision-making process."). Therefore, a complaint against judges who have "done nothing more than their duty" is "a meritless action," *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995), or is "patently frivolous," *Caldwell*, 777 F. Supp. 2d at 179. Because no "allegation of other facts" could plausibly cure the defects of the complaint against the judicial defendants, the Court will dismiss this aspect of the case with prejudice. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) (cleaned up). A separate order accompanies this Memorandum Opinion.

Date: December 8, 2023

_____/s/_____
BERYL A. HOWELL
United States District Judge